UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| SHERWIN WILKES,<br><br>      Plaintiff,<br><br>  v.<br><br>FAURECIA EMISSIONS CONTROL<br>TECHNOLOGIES USA, LLC,<br><br>      Defendant. | CASE NO. 1:22-cv-00470 |

## NOTICE OF REMOVAL

Defendant, Faurecia Emissions Control Technologies USA, LLC ("Faurecia"), by counsel, pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, and in accordance with the Federal Rules of Civil Procedure, hereby files this Notice of Removal. In support thereof, Defendant states as follows:

1. On November 30, 2022, Plaintiff, Sherwin Wilkes ("Plaintiff"), commenced a civil action in the Allen County Circuit Court, Indiana under Cause No. 02C01-2211-PL-000391, captioned *Sherwin Wilkes v. Faurecia Emissions Control Technologies USA, LLC*, (the "State Court Case") by filing a Complaint and Summons. A true and accurate copy of the Complaint and Summons is attached hereto as **Exhibit A**.

2. On December 5, 2022, Plaintiff served the Summons and Complaint on Defendant by certified mail return receipt. A true and accurate copy of the Proof of Service is attached hereto as **Exhibit B**.

3. This Notice of Removal is filed within 30 days of service of the Complaint on the Defendant. Accordingly, removal is timely filed pursuant to 28 U.S.C. § 1446(b).

4. The Court has original jurisdiction over this action under the provisions of 28 U.S.C. § 1331, and may be removed to this Court pursuant to 28 U.S.C. §1441(a) because the

Plaintiff's Complaint is a civil action arising under the law of the United States in that the Complaint alleges violations Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. This Court has original jurisdiction over Title VII claims under the provisions of 28 U.S.C. § 1331, and Defendant may remove this matter pursuant to 28 U.S.C. § 1441(a).

5.   Venue is proper in this Court and division pursuant to 28 U.S.C. § 1391(b).

6.   Further, Allen County, Indiana, the district in which the State Court Case was filed, is within the jurisdiction of the United States District Court for the Northern District of Indiana, Fort Wayne Division, pursuant to 28 U.S.C. § 94(b)(1).

7.   Plaintiff resides in Fort Wayne, Indiana. (**Exhibit A**, paragraph 1).

8.   Defendant operates a facility in Fort Wayne, Indiana. Defendant is a Limited Liability Company owned wholly (100%) by Faurecia USA Holdings, Inc. Faurecia USA Holdings, Inc. is incorporated under the laws of Delaware, and has a principal place of business in Michigan. For diversity jurisdiction purposes, the citizenship of an LLC is the citizenship of each of its members. *See Wise v. Wachovia Securities, LLC*, 450 F.3d 265, 267 (7th Cir. 2006).

9.   Accordingly, the parties are citizens of different states, thus establishing the basis for diversity jurisdiction under 28 U.S.C. § 1332.

10.   To determine the amount in controversy in a removed action, the Court will evaluate the "amount required to satisfy the plaintiff's demands in full" and the record as a whole as it exists on the date of removal. *See Oshana v. Coca-Cola Co.*, 472 F.3d 506, 510-11 (7th Cir. 2006). Where, as here, the plaintiff's Complaint does not demand a specific sum, a defendant's "good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence." *Id.*

11.   Plaintiff's Complaint supports a good-faith, plausible estimate that the amount in controversy exceeds $75,000. The Plaintiff seeks the following damages in his Complaint:

compensatory damages, including, but not limited to, loss of income and benefits, humiliation, embarrassment, ridicule, anguish, and stress; punitive damages; and reasonable attorney's fees. (**Exhibit A**, Paragraph 8 and Prayer of Relief of the Complaint).

12. Plaintiff's employment with Faurecia ended on or about September 8, 2021, more than a year ago, and about 67 weeks prior to the filing of this Notice. At the time of separation, Plaintiff earned about $19.40 per hour

13. Given Plaintiff's potential back pay through trial, plus alleged compensatory and punitive damages, Defendant has established, plausibly, that the amount in controversy is well in excess of $75,000. Since the amount in controversy exceeds $75,000, it suffices to confer original diversity jurisdiction on this Court under 28 U.S.C. § 1332.

14. An accurate copy of all process, pleadings, and orders filed in connection with the State Court Case are attached as **Exhibit C**.

15. Pursuant to 28 U.S.C. § 1146(d), written notice of this removal of the State Court Case has been given to counsel for Plaintiff and a State Court Notice of Removal has been contemporaneously filed with the Allen County Superior Court.

WHEREFORE, Defendant, Faurecia Emissions Control Technologies USA, LLC ("Faurecia"), respectfully requests that the Court assume jurisdiction over this case in accordance with 28 U.S.C. §§ 1331, 1332, 1441, and 1446.

Respectfully submitted,

/s/ *Brian L. McDermott*
Brian L. McDermott
Megan A. Van Pelt
Jackson Lewis P.C.
211 N. Pennsylvania Street, Suite 1700
Indianapolis, Indiana 46204
Tel:   (317) 489-6930
Fax:   (317) 489-6931
brian.mcdermott@jacksonlewis.com
megan.vanpelt@jacksonlewis.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on December 21, 2022 I filed the foregoing *Notice of Removal* electronically with the Clerk of the Court. Notice of this filing will be sent to the following by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Samuel L. Bolinger
803 South Calhoun Street
Suite 300
Fort Wayne, IN  46802
*mark@slblawfirm.org*

/s/ *Brian L. McDermott*
Brian L. McDermott

4880-5763-5141, v. 1

4